# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 20496661
Date Processed: 10/07/2019

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number 0129900 |
| **Entity Served:** | Allied Property and Casualty Insurance Company |
| **Title of Action:** | Jyc Enterprise, Inc vs. Allied Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201970280 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/04/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Hubble + Pistorius<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

DELIVERED
10/4/19
By63 HT-SCOTUS

Receipt Number: 839763
Tracking Number: Austin Process, LLC

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201970280

| | |
|---|---|
| PLAINTIFF: JYC ENTERPRISE INC | In the 125th Judicial |
| vs. | District Court of |
| DEFENDANT: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701-3218

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES.
This instrument was filed on September 26, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this October 2, 2019.

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: RHONDA MOMON

Issued at request of:
HUBBLE, JOHN LAWRENCE
8350 N CENTRAL EXPWY, SUITE 1310
DALLAS, TX 75206
214-361-1262

Bar Number: 10144650

Tracking Number: 73678811

CAUSE NUMBER: 201970280

| | |
|---|---|
| PLAINTIFF: JYC ENTERPRISE INC<br><br>vs.<br><br>DEFENDANT: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY | In the 125th<br><br>Judicial District Court<br><br>of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____                          _____
                                              _____ of _____
County, Texas
_____    By: _____
         Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____.

                                                          Notary Public

9/26/2019 1:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37155712
By: Tahj Wimbley
Filed: 9/26/2019 10:38 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JYC ENTERPRISE, INC. | § | IN THE DISTRICT COURT OF |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLIED PROPERTY AND CASUALTY INSURANCE | § | |
| COMPANY, | § | _____ JUDICIAL DISTRICT COURT |
| *DEFENDANT* | § | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JYC Enterprise, Inc. ("JYC" or "Plaintiff") and files its Original Petition and Request for Disclosures against Allied Property and Casualty Insurance Company ("Allied" or "Defendant") and would respectfully show the following:

**RULE 194 DISCOVERY LEVEL III CONTROL PLAN**

1. Plaintiff intends for discovery to be conducted under Level 3 of the Texas Rules of Civil Procedure, Rule 190.4. Pursuant to Rule 47, Plaintiff seeks monetary relief of over one million ($1M) dollars.

**PARTIES**

2. Plaintiff is a Texas corporation and the named insured under a Policy of insurance issued by Allied for its property located at 3824 Artdale St., Houston Texas. (the "Property").

3. **Allied Property and Casualty Insurance Company** is a foreign fire and casualty insurance company licensed to sell property and casualty insurance in the State of Texas and may be served by serving its registered agent as follows:

   Corporation Service Company
   211 E. 7th Street, Suite 620
   Austin TX 78701-3218

**JYC'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**                                                                              PAGE 1.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction of these causes of action in that they involve an amount in controversy within the original jurisdiction of this Court and Defendant engaged in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of the Defendant's business activities in the State of Texas.

5.       Venue is proper in this County pursuant to Texas Civil Practice & Remedies Code, §15.002 as Harris County, Texas is where all or a substantial portion of the events took place, and pursuant to Texas Civil Practice & Remedies Code, Section §15.032 as Harris County, Texas is where the Property is located.

## FACTS

6.       Allied issued a commercial policy of insurance, effective April 1, 2014 to April 1, 2015, to Plaintiff providing insurance coverage for Plaintiff's Property and Business Operations located at 3824 Artdale St., Houston Texas. The Policy provided loss of business income ("BI") insurance for up to twelve months after the Loss. On or about August 18, 2014, a fire (the "Loss") destroyed Plaintiff's Property, causing a suspension of Plaintiff's business operations which resulted in a significant loss of business income ("BI Claim"). In accordance with the Texas Prompt Payment of Claims statute, §542.003 ("TPPC") Allied acknowledged receipt of Plaintiff's BI Claim and commenced its investigation. Allied, however, did not request from Plaintiff any items, statements or forms related to Plaintiff's BI Claim at that time.

7.       Plaintiff manufactures Asian style Egg Rolls, Spring Rolls, Edamame beans and an assortment of grill products, and markets and distributes these products to major club wholesale customers, major U.S. grocery and restaurant chains. In order to be certain its production capacity kept pace with its continuing growth, Plaintiff worked with a leading manufacturer of tailor-made

processing machines for the food processing industry to design a high-speed, automated Spring Roll processing/folding machine. By April 2014, it was a vital component of Plaintiff's productive capabilities, increasing production capacity and reducing labor costs significantly.

8. At the time of the fire on August 18, 2014, Plaintiff was in discussions with and/or product development with numerous national customers, including Ruby Tuesday (over 600 restaurants), Safeway, Costco-Los Angeles region, Costco-Northeast and Southeast regions, Family Dollar Stores (over 8,000 stores), Smart & Final and 99 Cent Club. Information pertaining to the above was provided to Allied during adjustment of the claim. However, Allied did not consider or include this information and projected lost revenues in the calculation of Plaintiff's BI Claim despite the Policy's provision which stated:

> **Loss Determination** - The amount of Business Income loss will be determined based on (1) The Net Income of the business before the direct physical loss or damage occurred; (2) The **likely** Net Income of the business if no physical loss or damage had occurred (emphasis added).

9. From the beginning of the BI Claim, Defendant Allied was presented with documentation and information related to Plaintiff's loss of new business opportunities from prospective and existing customers that Plaintiff would have earned but for the Loss. However, Defendant Allied refused to consider this information, causing Allied to underpay Plaintiff's BI Claim.

10. On September 15, 2015, Allied made its final request for documents in order to secure a final proof of loss. On November 16, 2015, Plaintiff provided the requested BI documents requested by Allied, including the July and August 2015 P&Ls and Sales Reports. Eighty-eight (88) days later, on February 12, 2016, Allied made it final BI and Extra Expense payment which did not include any of the loss sales discussed above.

11. As a result of the under payment, Plaintiff filed its lawsuit styled *JYC Enterprise, Inc. v. Allied Property and Casualty Insurance Company., et al*; in the U.S. Dist. Ct., Southern Dist. of

Texas, Houston Div.; Civil Action No. 4:16-cv-2437 for the remaining BI amount due and owing, and related causes of actions. On February 2, 2017, Allied invoked the Appraisal provisions of the Policy, and each side appointed their appraisers and the two appraisers agreed on an Umpire. Prior to the Appraisal Award being made, Allied, on March 9, 2018, tendered to Plaintiff an additional BI payment of $3,787,338.38 which was the same amount of the Appraisal Award issued on March 18, 2018 by the Umpire.

12. Neither appraiser signed the Award. While Allied paid the amount of the Appraisal Award, Allied failed to pay the statutory penalty and interest due pursuant to the Texas Prompt Payment of Claims statute ("TPPC") and Plaintiff's attorney fees. Texas case law at the time of the Appraisal Award foreclosed Plaintiff's right to pursue its claim for the statutory penalty and interest pursuant to the TPPC and Plaintiff's attorney fees, and Plaintiff filed its Motion to Dismiss without Prejudice which was granted on April 5, 2018 [Doc. 43-1].

13. On June 28, 2019, the Texas Supreme Court issued its opinion in *Barbara Technologies Corporation v. State Farm Lloyds*, 2019 WL 2710089 (Tex., 2019), holding that the payment of an appraisal award did not foreclose any possibility of damages under TPPC, attorney fees and extra-contractual damages. See also the Texas Supreme Court's contemporaneously issued opinion in *Ortiz v. State Farm Lloyds*, 2019 WL 2710032 (Tex., 2019).

<u>TEXAS INSURANCE CODE VIOLATION - §542.051 PROMPT PAYMENT OF CLAIM</u>

14. Allied has violated the Texas Insurance Code by failing to meet their obligations under Prompt Payment of Claim statute §542.051, *et. seq*. Plaintiff hereby sues for statutory penalty and interest on the amount of the claim. The remedies provided hereunder are in addition to any other remedies provided by any other law or common law.

CONDITIONS PRECEDENT

15. All conditions precedent to filing this action have occurred or have been performed or excused.

ATTORNEY FEES

16. Further, Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay its attorney a reasonable fee for services expended and to be expended in the prosecution of Plaintiff's claims against Defendant Allied through the trial court and all levels of the appellate process.

JURY DEMAND

17. Plaintiff requests that a jury be convened to try the factual issues in this action.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the award of statutory penalty and interest pursuant to the Texas Prompt Payment of Claim statute §542.051, *et. seq.*, and for reasonable and necessary attorney's fees, pre-judgment and post-judgment interest as allowed by law, and for all costs of court and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,
HUBBLE ♦ PISTORIUS

By: /s/ John L. Hubble
    John L. Hubble
    State Bar No. 10144650

    CAMPBELL CENTRE I NORTH TOWER
    8350 North Central Expwy, Suite 1310
    Dallas, Texas 75206
    (214) 361-1262 (telephone)
    (214) 373-3455 (facsimile)
    johnhubble@hubblelaw.com